UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


William J. Amato, et al.,                                          Case No. 3:26-cv-849

              Plaintiffs,

      v.                                                           ORDER


Homesite Insurance Company
of the Midwest, et al.,

              Defendants.


 Plaintiffs have filed a motion for leave to file a motion seeking "either (1) a limited stay of proceedings, or (2) a reasonable extension of time, so that my daughter and I can prepare and file our responses to the pending filings in an organized and non-repetitive way." (Doc. No. 6 at 2).

Plaintiffs do not indicate what "pending filings" to which they seek to respond. But the only "pending filing" in this case that Plaintiffs *might* seek to respond to are Defendants' notice of removal and Defendants' answer to the Complaint. (Doc. Nos. 1 and 5). A response to neither is warranted or permitted by the law.

First, the only response to the notice of removal recognized by the law is a motion to remand. *See* 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *Id.* That is, unless Plaintiffs seek to challenge this Court's subject matter jurisdiction, they were required to file any motion to remand no later than May 11, 2026. *See* Fed. R. Civ. P. 6(a)(1)(c). Plaintiffs do not suggest that they seek to challenge this Court's subject matter jurisdiction. And based, on my review of the relevant filings in this case, (Doc. Nos. 1 and 1-2), any attempt to

challenge this Court's subject matter jurisdiction would be futile because this Court has original diversity jurisdiction of this case. *See* 28 U.S.C. § 1332. Therefore, because any motion to remand would be denied as time-barred or futile, leave to file a motion for an extension of time to file such a motion to remand is denied.

Second, the Federal Rules of Civil Procedure allow a "reply to an answer" **only if** "the court orders one." Fed. R. Civ. P. 7(a)(7). I have not ordered Plaintiffs to file a reply to Defendants' Answer and conclude there is no reason to do so. Therefore, because Plaintiffs are prohibited from filing a reply to Defendants' Answer, I deny Plaintiffs' motion for leave to file a motion for an extension of time to file such a prohibited pleading.

For the foregoing reasons, Plaintiffs' motion is denied. (Doc. No. 6). Further, for purposes of clarity and consistency, and because Plaintiffs' initial motion in this case also lacks any legal merit, I impose the same filing restriction in this case as Plaintiffs' other action before me. *See Amato v. Montgomery*, No. 3:25-cv-1821, Doc. No. 59 at 8-9. That is:

> I order that Plaintiffs are restricted from making further filings in this case without first obtaining leave of court. Plaintiffs may move for leave to file a motion or other document by first filing a one-page motion succinctly describing the content and purpose of, and providing relevant legal support for, the proposed filing. Further, I order the Clerk of Court to refuse to accept for filing any document for which Plaintiffs have not obtained leave to file.

*Id.*

To be clear, any motion for leave that exceeds one-page in length shall be refused for filing by the Clerk of Court, and any one-page motion for leave that lacks relevant legal support in the form of citation to rule, statute, or caselaw will be denied by me. I urge Plaintiffs to review the Local Rules of this Court and the Federal Rules of Civil Procedure before seeking leave to file further documents in this case or their other action before me. "While pro se litigants are afforded significant leeway, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), they must still comply

2

with the procedural rules that govern civil cases, *McNeil v. United States*, 508 U.S. 106, 113 (1993)."
*United States v. Barrow*, No. 17-1628, 2018 WL 2670617, at *2 (6th Cir. Feb. 8, 2018).

Finally, with respect to next steps in this action, I now set this matter for a Case Management Conference to be held by telephone on **July 29, 2026, at 9:00 a.m.**  *Pro se* Plaintiffs William J. and Regan Amato and counsel for Defendants must participate in the conference by calling the Court's bridge line at 419-718-0655, Meeting ID 849-763-788.  Defendants may but are not required to participate.

In preparation for the case management conference, counsel for Defendants shall:

1.) Arrange with *pro se* Plaintiffs to hold the meeting required by Fed. R. Civ. P. 26(f) and LCivR 16.3(b) in person, by telephone, or by video conference no later than **July 14, 2026**.

2.) Electronically file a joint Report, in substantially the form of Attachment 1, no later than **July 15, 2026**.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3